UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>    Plaintiff<br><br>v.<br><br>KRISTINA WILDEVELD, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00169-MMD-CSD<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1, 3, 5 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed two applications to proceed in forma pauperis (IFP) (ECF Nos. 1, 3), a pro se complaint (ECF No. 1-1), and a preemptory challenge (ECF No. 5).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's IFP applications were filed two days apart, but contain identical information.

Plaintiff's certified account statement indicates that his current account balance is $931.72. Therefore, Plaintiff has sufficient funds to pay the filing fee, and his IFP applications should be denied.

## II. SCREENING

**A. Standard**

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against defendants Kristina Wildeveld, Esq., Lisa Rasmussen, Esq., Dayvid J. Figler, Esq., and Catlyn McAmis, Esq. Plaintiff alleges these attorneys refused to provide "criminal civil law services" after not receiving a retainer fee. Plaintiff claims this is a violation of his federal civil rights, including the Fourth, Eighth and Fourteenth Amendments. (ECF No. 1.)

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

According to the State Bar website, Ms. Wildeveld, Ms. Rasmussen, Ms. McAmis, and Mr. Figler are private attorneys in Las Vegas. As such, they are not state actors subject to suit under section 1983. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties do not act under color of state law). Therefore, Plaintiff's complaint should be dismissed. The complaint could not be amended to state a claim; therefore, the dismissal should be with prejudice.

**III. PREEMPTORY CHALLENFE**

Plaintiff has filed a preemptory challenge on a form for the Eighth Judicial District Court for the State of Nevada. (ECF No. 5.)

Plaintiff filed this action in the United States District Court for the District of Nevada (federal court), which does not utilize the preemptory challenge that is utilized in the Eighth Judicial District Court for the State of Nevada (state court).

Moreover, there is no basis for my recusal. "[I]n the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" *U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quoting *Maier v. Orr,* 758 F.2d 1578, 1583 (Fed. Cir. 1985); *United States v. Snyder,* 235 F.3d 42, 46 (1st Cir. 2000)). Federal judges are, however, required to disqualify themselves if their impartiality might reasonably be questioned, or if they have a personal bias or prejudice for or against a party. *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citations omitted). Plaintiff sets forth no basis to question my impartiality. Therefore, the preemptory challenge should be denied.

**III. RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DENYING** Plaintiff's IFP applications (ECF Nos. 1, 3). Plaintiff is required to pay, through NDOC, the full filing fee of $402 ($350 filing fee and $52 administrative fee) within thirty days of the entry of any order adopting and accepting this Report and Recommendation. This is required even though the court is recommending dismissal of this action. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) Plaintiff's preemptory challenge (ECF No. 5) should be **DENIED**.

(4) The action should be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 6, 2022

_____
Craig S. Denney
United States Magistrate Judge