UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>　　　Plaintiff<br><br>v.<br><br>KRISTINA WILDEVELD, et al.,<br><br>　　　Defendants | Case No.: 3:22-cv-00169-MMD-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 7 |

　　　This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　　Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). Plaintiff filed an application to proceed IFP along with his pro se complaint pursuant to 42 U.S.C. § 1983 on April 11, 2022. (ECF Nos. 1, 1-1.) On April 13, 2022, he filed a second IFP application, which contains the same information as the initial IFP application. (ECF No. 3.) On May 5, 2022, Plaintiff filed a preemptory challenge. (ECF No. 5.)

　　　On May 6, 2022, the undersigned issued a report and recommendation that: Plaintiff's IFP applications be denied because the financial certificates indicated he had sufficient funds to pay the filing fee (because Plaintiff had a $931.72 balance in his account); that his preemptory challenge motion be denied as baseless; and that his action be dismissed with prejudice because the defendants were not acting under color of state law. (ECF No. 6.)

　　　Plaintiff subsequently filed a third IFP application, which the court now addresses. (ECF No. 7.)

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid,

the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

In his most recent IFP application, Plaintiff signed the financial certificate, which states that if his account balance is above $402 (the $350 filing fee plus the $52 administrative fee), he does not qualify for IFP status and must pay the full filing fee. (ECF No. 7.) Plaintiff's newest IFP application indicates his account balance is $582.22. Therefore, Plaintiff still does not qualify for IFP status and his third IFP application (ECF No. 7) should be **DENIED**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 28, 2022

_____
Craig S. Denney
United States Magistrate Judge

3