**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERTO DURAND,<br><br>    Plaintiff<br><br>v.<br><br>KRISTINA WILDEVELD, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00169-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 12 |

   This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

   Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). Plaintiff filed an application to proceed IFP along with his pro se complaint pursuant to 42 U.S.C. § 1983 on April 11, 2022. (ECF Nos. 1, 1-1.) On April 13, 2022, he filed a second IFP application, which contains the same information as the initial IFP application. (ECF No. 3.) On May 5, 2022, Plaintiff filed a preemptory challenge. (ECF No. 5.)

   On May 6, 2022, the undersigned issued a report and recommendation that: Plaintiff's IFP applications be denied because the financial certificates indicated he had sufficient funds to pay the filing fee (because Plaintiff had a $931.72 balance in his account); that his preemptory challenge motion be denied as baseless; and that his action be dismissed with prejudice because the defendants were not acting under color of state law. (ECF No. 6.)

   Plaintiff subsequently filed a third IFP application. (ECF No. 7.) The court issued a report and recommendation to deny the third IFP application because Plaintiff signed the financial certificate indicating his account balance was $582.22, which is above $402 (the $350 filing fee

plus the $52 administrative fee. As such, he does not qualify for IFP status and must pay the full filing fee. (ECF No. 10.) Plaintiff has filed an objection to that report and recommendation which is pending before Chief District Judge Du. (ECF No. 11.)

Plaintiff subsequently filed a fourth application to proceed IFP. (ECF No. 12.) In his fourth IFP application, Plaintiff includes a financial certificate dated *December 21, 2021*, over six months ago, which lists an account balance of $0.40. An inmate's IFP application must contain a financial certificate from the prison "certifying the amount of funds *currently* held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2) (emphasis added). Plaintiff's financial certificate from December 2021 does not show his *current* account balance or his average balance and deposits for the past six months. Therefore, Plaintiff's fourth IFP application (ECF No. 12) should also be **DENIED**.

It appears Plaintiff is trying to skirt the court's prior recommendations that his IFP applications be denied because the amount of funds in his account currently make him ineligible for IFP status. Plaintiff's IFP determination must be made on his current account status.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 7, 2022

_____
Craig S. Denney
United States Magistrate Judge