1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERTO DURAND,

Plaintiff,

v.

KRISTINA WILDEVELD, *et al.*,

Defendants.

Case No. 3:22-cv-00169-MMD-CSD

ORDER

*Pro se* Plaintiff Roberto Durand, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil rights action under 42 U.S.C. § 1983. (ECF No. 1-1.) Before the Court are three Reports and Recommendations (ECF Nos. 6, 10, 13 (together, "R&Rs")) of United States Magistrate Judge Craig S. Denney. The first Report and Recommendation (ECF No. 6 ("First R&R")) recommends that (a) Durand's applications to proceed *in forma pauperis* ("IFP") be denied, (b) his preemptory challenge be denied, and (c) this action be dismissed with prejudice. The second Report and Recommendation (ECF No. 10 ("Second R&R")) recommends that Durand's third IFP application be denied. Finally, the third Report and Recommendation (ECF No. 13 ("Third R&R"))[1] recommends that Durand's fourth IFP application be denied.

Durand has filed what appears to be "objections" to the First and Second R&Rs. (*See* ECF Nos. 8, 9, 11, 14.)[2] Because the Court agrees with Judge Denney and because a review of the objections reveal that Durand has failed to make any relevant or cognizable arguments, the Court will adopt Judge Denney's R&Rs in full. Accordingly, the Court will deny Durand's IFP applications and his preemptory challenge. The Court will also dismiss this action with prejudice.

---

[1]Durand did not file an objection to the Third R&R.

[2]The Court notes that these filings were either on a Ninth Circuit form or other forms titled incorrectly. Nevertheless, the Court construes these filings as objections to the corresponding R&Rs.

1    The Court "may accept, reject, or modify, in whole or in part, the findings or

2    recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

3    fails to object to a magistrate judge's recommendation, the Court is not required to conduct

4    "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*,

5    474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116

6    (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations

7    is required if, but *only* if, one or both parties file objections to the findings and

8    recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes

9    (1983) (providing that the Court "need only satisfy itself that there is no clear error on the

10   face of the record in order to accept the recommendation.").

11   Even though Durand files what the Court construes as objections to the First and

12   Second R&Rs, a review of his filings show that he has failed to make any arguments

13   regarding Judge Denney's R&Rs. For example, Durand states in one of his filings that he

14   has timely objected to the First R&R and he "ask this Hon District Court please to grant

15   this objection and accept this (IFP)" but does not provide much more. (ECF No. 8

16   (parentheses in original).) Moreover, in reviewing the filings, the Court is unable to

17   comprehend his statements in the way his sentences are written. Because Durand has

18   failed to make arguments, there are effectively no objections to the R&Rs. The Court

19   therefore need not conduct *de novo* review, and is satisfied that Judge Denney did not

20   clearly err.

21   Here, Judge Denney recommends that Durand's IFP applications be denied

22   because Durand's current account balance indicates that he has sufficient funds to pay

23   the filing fee and that he does not qualify for IFP status. (ECF Nos. 6 at 2, 10 at 3, 13 at

24   1-2.) Judge Denney also recommends that Durand's preemptory challenge be denied as

25   the District of Nevada (federal court) does not utilize the preemptory challenge utilized in

26   the Eighth Judicial District Court (state court). (ECF No. 6 at 5.) Moreover, Judge Denney

27   recommends that Durand's complaint be dismissed as Defendants are attorneys and not

28   state actors subject to suit under 42 U.S.C. § 1983. (*Id.* at 4-5.) The Court agrees with

Judge Denney. Having reviewed the R&Rs and the record in this case, the Court will adopt the R&Rs in full.

It is therefore ordered that Judge Denney's Reports and Recommendations (ECF Nos. 6, 10, 13) are accepted and adopted in full.

It is further ordered that Plaintiff Roberto Durand's applications to proceed *in forma pauperis* (ECF Nos. 1, 3, 7, 12) are denied. Durand is ordered to pay, through NDOC, the full filing fee of $402.00 ($350.00 filing fee and $52.00 administrative fee) within 30 days of this order. This is required even though the Court is dismissing this action.

The Clerk of Court is directed to send a copy of this order to the attention of *Chief of Inmate Services for the Nevada Department of Corrections*, P.O. Box 7011, Carson City, Nevada, 89702.

The Clerk of Court is further directed to file Durand's complaint (ECF No. 1-1).

It is further ordered that Durand's preemptory challenge (ECF No. 5) is denied.

It is further ordered that this action is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 28th Day of July 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3